| Attorney or Party Name, Address, Telephone and FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Elena Steers**<br>**5900 Sepulveda Blvd.**<br>**Ste. 270**<br>**Sherman Oaks, CA 91411**<br>**(818) 345-9913 Fax: (818) 343-6103**<br>California State Bar Number: **193237 CA**<br>elena@steerslawfirm.com | |

☐ *Individual appearing without attorney*
☑ *Attorney for:*  **DEBTOR**

## UNITED STATES BANKRUPTCY COURT
### Central District of California

| In re | CASE NO.: **1:15-bk-12942-MT** |
|---|---|
| | CHAPTER **13** |
| **Seth Eric Simon** | **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1(p)** |
| | [No Hearing Required] |
| Debtor(s). | |

Debtor moves this Court for an order authorizing the debtor to sell the real property, described below, pursuant to the terms and conditions described herein.

1.  Debtor's Chapter 13 Plan (Plan) was confirmed on:  _3/22/2016_ .

2.  Debtor wishes to sell the real property (Property) located at:
    _6601 Wilbur Avenue Unit 53_
    _Reseda, CA 91335_

    The Property is more particularly described in Exhibit "A" attached hereto.

    ☐ Debtor wishes to modify the Plan for early payment of the Plan as described in the *Motion to Modify Plan* submitted by Debtor concurrently with this Motion.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. The sale price of the Property is $ 230,000.00 . The following are all of the encumbrances of record against the
   Property:
   a. US Bank Trust National Association
   b. The Bank of New York Mellon
   c. Citibank, N.A.
   d. 
   e. 
   *(Add additional page if necessary)*

4. After payment of the foregoing encumbrances and all costs of sale:
   ☐ there will remain the approximate sum of $____; OR
   ☑ no proceeds will remain.

5. ☐ (a) The chapter 13 trustee is hereby authorized to make demand upon escrow for sufficient funds to
      pay off the Plan with a:
      ☐ 100% dividend to unsecured creditors; OR
      ☐ ____% dividend as indicated in the confirmed plan.
   After escrow's payment of the encumbrances listed above, any remaining funds shall be paid directly to debtor.
   OR
   ☑ (b)  The chapter 13 trustee is hereby authorized to make demand upon escrow for the balance remaining after
      escrow's payment of the encumbrances listed above even though the amount is insufficient to pay off the
      Plan. The sale is for the fair market value of the Property.

6. The escrow is being processed by:
   Escrow company name:   Precision Escrow Inc
   Address:               20855 Ventura Blvd., Suite 16
                          Woodland Hills, CA 91364
   Telephone:             (818) 264-1500
   Facsimile:             (818) 264-1501
   Escrow officer:        Joseph Gomez
   Escrow number:         007391-JG

7. Supporting documents attached to this Motion are:
   a. Exhibit A — Legal description with street address
   b. Exhibit B — Escrow Instructions and Documents
   c. Exhibit C — Estimated Closing Statement
   d. Exhibit D — Schedules I and J of the bankruptcy petition

9. Debtor agrees to provide to chapter 13 trustee a certified copy of the escrow closing statement within 14 days of the
   close of escrow as a condition to any approval of this motion.

Date:  10|3|19                          /s/ Elena Steers
                                        Attorney for Debtor(s)

I declare under penalty of perjury that the foregoing is true and correct.

Date:  10/2/19

                                        Debtor

Date:  _____                  _____
                                        Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                          F 3015-1.16.MOTION.SELL.RP

## DECLARATION OF SETH ERIC SIMON IN SUPPORT OF DEBTOR'S MOTION

## FOR AUTHORITY TO SELL

I, Seth Eric Simon, declare as follows:

1.    I am the Debtor in the above-captioned proceeding. I have personal knowledge of the facts set forth herein and if called upon to testify hereto, I could and would do so competently thereto.

2.    I have an interest in the real property commonly known as 6601 Wilbur Avenue Unit 53, Reseda, CA 91335. Said property is my primary residence.

3.    Attached hereto as **Exhibit A** to the Motion For Authority To Sell Real Property is a true and correct copy of the legal description and street address of my property.

4.    Attached hereto as **Exhibit B** is a true and correct copy of the Escrow Instructions that I directed to be prepared on behalf of my property.

5.    Attached hereto as **Exhibit C** is a true and correct copy of the Estimated Settlement Statement that I received from my escrow company.

6.    Attached hereto as **Exhibit D** is a true and correct copy of Schedules I and J from my bankruptcy petition that was filed with the court.

We declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing facts are known by me to be true and correct.

Executed on ~~September~~ *October* _2_ , 2019, in Reseda, California.

Seth Eric Simon

# EXHIBIT "A"

## EXHIBIT "A"

A CONDOMINIUM COMPRISED OF

PARCEL 1

A)    AN UNDIVIDED 1/51TH INTEREST IN AND TO THAT PORTION OF LOT 1 OF TRACT
NO  23693, LOT, IN THE CITY OF LOS ANGELES COUNTY OF LOS ANGELES, STATE
OF CALIFORNIA AS PER MAP RECORDED IN BOOK 805 PAGES 51 AND 52 OF MAPS,
AND THAT PORTION OF LOT 1 TRACT NO  30861, AS PER MAP RECORDED IN BOOK
809 PAGES 58 AND 59 OF MAPS ABOVE AND DEFINED AS COMMON AREA ON THE
CONDOMINIUM  PLAN RECORDED JANUARY 18, 1973 IN BOOK M4264 PAGE 161
OFFICIAL RECORDS OF SAID COUNTY

EXCEPT THEREFROM UNITS 47 TO 97 INCLUSIVE AS SHOWN AND DEFINED ON THE
CONDOMINIUM PLAN

B)    UNIT 53 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN REFERRED TO
ABOVE

PARCEL 2

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER THE WESTERLY 20
FEET OF THE NORTHERLY 400 FEET OF LOT 1, TRACT 23693, AS PER MAP RECORDED
IN BOOK 805, PAGES 50 AND 51 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER
OF SAID COUNTY

PARCEL 3

AN EASEMENT FOR INGRESS AND EGRESS OVER THE PRIVATE DRIVEWAYS WITHIN
THE COMMON AREA AS SHOWN ON THE CONDOMINIUM PLAN RECORDED OCTOBER 12,
1971 IN BOOK M3874, PAGE 385 AND RECORDED SEPTEMBER 20, 1972 IN BOOK M4163,
PAGE 755 OF OFFICIAL RECORDS OF SAID COUNTY.

6601 Wilbur Avenue Unit 53
Reseda CA 91335

07 00032813

Page 1

# EXHIBIT "B"



# PRECISION
## ESCROW INC

20855 Ventura Blvd., Suite 16 ● Woodland Hills, CA 91364
Phone: (818) 264-1500 ● Fax: (818) 264-1501

Precision Escrow, Inc. conducts escrow business under a license issued to it under identification no. 963-1961 by the Department of Business Oversight.

### SUPPLEMENTAL ESCROW INSTRUCTIONS

Joseph Gomez
Escrow Officer

Escrow No.: 007391-JG
Date: August 26, 2019

I/We the undersigned, hand you a copy of the California Residential Purchase Agreement and Joint Escrow Instructions dated 08/26/2019, (hereinafter the "Purchase Agreement") which is incorporated herein by reference and shall serve as escrow instructions, if fully executed and legible. Escrow Holder's duties are limited to those paragraphs in the Purchase Agreement specifically outlining the duties of Escrow Holder is obligated to perform. All other terms and conditions in the Purchase Agreement are between Buyer and Seller only, and Escrow Holder is not to be concerned with or liable for any obligations between the parties or their brokers or any other items in the Purchase Agreement.

These Supplemental Escrow Instructions are executed for the sole purpose of enabling the Escrow Holder to complete this transaction, and are not intended to amend, modify, supersede or in any way change the Purchase Agreement. In the event of a conflict between the terms of the Purchase Agreement and any Escrow Instructions, the Purchase Agreement shall govern the parties and the Escrow Instructions shall govern the Escrow Holder.

| | |
|---|---:|
| Buyer has/have deposit(ed) with escrow an initial deposit in the amount of | $500.00 |
| Buyer will hand you Balance of down payment Payable to Precision Escrow, Inc. THREE BUSINESS DAYS PRIOR TO THE CLOSE OF ESCROW DATE | $45,500.00 |
| Buyer will execute and deliver a new first conventional Deed of Trust in the amount of | $184,000.00 |
| **Total Consideration** | **$230,000.00** |

and any additional funds and documents received from me to enable you to comply with these instructions, all of which you are authorized to use provided on or before **October 10, 2019**, you can obtain a Policy of Title Insurance with the usual title company exceptions, with liability to the amount of total consideration, covering the following described property located in the City of **Los Angeles**, the County of **Los Angeles**, State of California:

LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF

**PROPERTY ADDRESS:** (commonly known as) 6607 Wilbur Avenue Unit 53, Reseda, CA 91335

**TITLE TO APPEAR VESTED IN:** Home Genie LLC (Buyer to provide exact vesting prior to close of escrow. Escrow holder is authorized and instructed to add the Buyer's vesting to the Grant Deed, above Seller's signature, when same is deposited herein, if necessary.)

**SUBJECT TO:**

(1)   General and Special County and City Taxes (if any) for the current fiscal year in which this escrow closes, not due or delinquent, and taxes for the ensuing year, if any, a lien not yet due and payable;

(2)   The lien of supplemental taxes, if any, assessed pursuant to the provisions of Chapter 3.5 (commencing with Section 75) of the Revenue and Taxation Code of the State of California;

(3)   Covenants, Conditions, Restrictions, reservations, rights of way, easements and the exception or reservation of minerals, gas, water, carbons and hydrocarbons on or under said land, now of record.

(4)   A New First Trust Deed to record, securing a Note as described above (may be subject to change). Buyers' execution of the loan documents shall be deemed approval of all terms and conditions contained therein. Escrow Holder is instructed to comply with all of the lender's requirements in connection with said new loan.

**INSTRUCTIONS:**

**SELLERS:**                                        **BUYERS:**

Home Genie LLC

_____
Seth Eric Simon

By: _____
       Michael Tsypin, President

Date: August 26, 2019                                                    Escrow No.: 007391-JG

Page 2 of 6:  Additional instructions made a part of previous pages as fully incorporated therein.

**DEPOSIT OF CLOSING FUNDS:**  Pursuant to Federal Regulations and the California Insurance Code, all funds deposited for close of escrow by parties hereto MUST be in one of the following forms:  1) Cashier's Check, Teller Check or Certified Check for amounts under $100,000.00 (FUNDS MUST BE DEPOSITED TWO (2) BUSINESS DAYS·PRIOR TO CLOSE OF ESCROW); OR 2) Direct electronic "wire" transfer into escrow trust account for amounts of $100,000.00 or more (please contact Escrow Holder for wiring instructions).  Bank charges for wire transfers shall be paid by the party for whose benefit the wire transfer is made.

**FUNDING THE NEW LOAN (IF APPLICABLE):**  If lender issues loan funds other than by wire transfer, they may not be immediately available for distribution.  This may result in a delay in the close of escrow unless all parties hereto sign a written authorization for the title company instructing that this escrow be closed and disbursement of funds withheld until they become available.  All parties herein release and hold harmless Escrow Holder and Title Company from any and all liability and/or responsibility as it relates to any additional interest, costs and/or penalties which may be incurred as a result of same.

**FIRE INSURANCE:**  Buyer herein agrees to furnish new fire insurance prior to the close of escrow with sufficient coverage on the dwelling for replacement of subject property.  Buyer to deposit sufficient funds as called for by Escrow Holder to pay first year premium at close of escrow.  Lender's release of loan funds shall be deemed their approval of said insurance coverage.
HOA Insurance:  Escrow Holder is authorized and instructed to debit funds deposited by Buyer for payment of any fee assessed by the Master Insurance Holder of the HOA for issuance of their Certificate.  Buyer has satisfied himself of the existence of the master insurance coverage of the HOA and is advised to fully investigate the extent and scope of its coverage and obtain any additional or supplemental coverage outside of escrow.  Escrow Holder is not to be concerned nor held liable or responsible in connection therewith.
ALL CASH:  In the event this is an all cash transaction, it is Buyer's exclusive duty to obtain adequate hazard insurance coverage on the property the subject of this escrow.  Buyer has the option of paying any hazard insurance premium through escrow.  In the event Buyer exercises said option, Buyer shall in writing designate the insurance holder to be used and thereafter deposit sufficient funds into escrow for the first year premium prior to close of escrow.

**IRS 1099 REPORTING DISCLOSURE:**  Parties are made aware that we are required by law to report the total "gross" proceeds (total consideration/sales price) on all real estate sales to the IRS at closing.  In addition, parties are further made aware that Escrow Holder will also be required by H.R. 638 "Home Sale Tax Fairness Act of 1992" to report to IRS the amount of real estate property taxes apportioned between the parties at close of escrow.  Seller is to complete, sign and return the attached certification form to Escrow Holder, (all sellers must sign), and this escrow may not close if this form is not received prior to closing.  This is an IRS requirement, and any questions should be directed to the Treasury Department and not Escrow Holder.  NOTE:  Corporations are automatically exempt from IRS 1099 reporting.

**ELECTRONIC SIGNED DOCUMENTATION, FAXED AND/OR E-MAILED SIGNATURES:**  In the event any party utilizes electronic, facsimile (faxed) and/or e-mailed transmitted signed documents to Escrow Holder, you are to rely upon such documents for all escrow instruction purposes and closing of this escrow  as if they bore original signatures. Notwithstanding the foregoing, any and all escrow instructions pertaining to the release or disbursement of funds from escrow prior to close of escrow may require original signatures. However, Buyer and Seller understand that they may be required to provide to escrow holder, prior to the close of escrow, original documents bearing the original signatures. FAILURE TO PROVIDE ESCROW HOLDER WITH ORIGINAL SIGNATURES MAY RESULT IN A DELAY OF THE CLOSING OF ESCROW.  Buyer and Seller further acknowledge and agree that documents with non-original signatures will not be accepted for recording by the County Recorder, thus making impossible the closing of a customary escrow without submission of original documents.

**PRORATIONS:**  Unless otherwise agreed in writing, the following items shall be PAID CURRENT and prorated between Buyer and Seller as of close of escrow: real property taxes and assessments, interest, rents, HOA regular, special and emergency dues and assessments imposed  prior ·to Close of Escrow, premiums  on insurance assumed  by Buyer, payments on bonds and assessments assumed by Buyer's, any payment on Mello-Roos and other special assessments District bonds and assessments that are now a lien.  The following shall be assumed by the Buyer without credit toward the purchase price:  prorated payments on Mello-Roos and other special assessment district bonds and assessment and HOA special assessments that are now a lien but not yet due.  **Prorations shall be made based on a 30-day month.**

**PROPERTY TAX PRORATION:**  Escrow Holder is authorized and instructed to prorate real property taxes based upon tax figures provided by the Title Company in this transaction, without liability to Escrow Holder as to their correctness. Buyer is aware that the property will be reassessed upon the change of ownership.  Any supplemental tax bills shall be paid as follows:  (i) for periods after close of escrow, by Buyer; and (ii) for periods prior to close of escrow, by Seller. The County Tax Assessor may issue supplemental tax bills for more than the amount used for prorating purposes, or in the event there has been an overpayment, the overpayment amount may not be refunded, but may instead be held for subsequent credit against the payment of future taxes on the property.  Buyer and Seller hereby agree that any overpayment or underpayment of taxes shall be adjusted by and between the Buyer and Seller outside of escrow.  TAX BILLS ISSUED AFTER THE CLOSE OF ESCROW SHALL BE HANDLED BETWEEN THE BUYER AND SELLER

SELLERS:                                         BUYERS:

                                                 Home Genie LLC

_____

Seth Eric Simon
                                                 By: _____
                                                     Michael Tsypin, President

Date: August 26, 2019                                                          Escrow No.: 007391-JG

Page 3 of 6:  Additional instructions made a  part of previous pages as fully incorporated therein.

OUTSIDE OF ESCROW.  Escrow Holder is hereby released from responsibility or liability of any kind arising out of any such overpayment or underpayment of taxes, which will survive the escrow.

**TAX WITHHOLDING:**  1) Under the Foreign Investment in Real Property Tax Act (FIRPTA), IRC Section 1445, every Buyer must, unless an exemption applies, deduct and withhold 15% of the gross sales price from Seller's proceeds and send it to the Internal Revenue Service, if the Seller is a "foreign person" under that statute.  2) In addition, under California Revenue and Taxation Code Section 18662 (as amended), every Buyer must, unless an exemption applies, deduct and withhold 3 1/3% of the gross sales price from Seller's proceeds and send it to the Franchise Tax Board  (FTB): If the subject property is not Seller's principal residence, or if the Seller is a corporation with no permanent place of business in California. 3) Penalties may be imposed on a responsible party for non-compliance with the requirements of these statutes and related regulations.  Seller and Buyer agree to execute and deliver any instrument, affidavit, statement, or instruction reasonably necessary to carry out these requirements, and to withholding of tax under those statutes if required.  (SELLER'S AFFIDAVIT OF NON-FOREIGN STATUS AND/OR CALIFORNIA RESIDENCY (C.A.R Form AS-14), OR BUYER'S AFFIDAVIT (C.A.R. Form AB-11), IF APPLICABLE, SHALL SATISFY THESE REQUIREMENTS.) 4. PARTIES ARE ADVISED TO SEEK TAX AND LEGAL COUNSEL REGARDING THE APPLICABILITY AND EFFECT OF THESE TAX WITHHOLDING REQUIREMENTS WITH RESPECT TO THIS TRANSACTION.

**FUNDS HELD AT CLOSE OF ESCROW:**  Notwithstanding any other provisions in these escrow instructions and in addition to other fees and costs to which you may be entitled, the parties, jointly and severally, agree that if this escrow is not consummated within ninety (90) days of the date set for closing, you are instructed to, and without further instructions, withhold your escrow hold open fee of $50.00 per month from the funds on deposit with you regardless of who deposited such funds.  The parties, jointly and severally, further agree that if you are, for any reason, required to hold funds after close of escrow, you are instructed to, and without further instructions, withhold an escrow fee of $50.00 per month from the funds on deposit with you regardless of who deposited such funds.  The parties irrevocably instruct you to automatically cancel this file without further instructions when all funds on deposit have been disbursed.

**CERTIFICATE OF COMPLIANCE:** The parties are aware that Section 122.03 of the Los Angeles Municipal Code requires Sellers of real property to install low-flow shower-heads and low-flow toilets, where required, prior to the close of escrow. The Seller shall complete a "Certificate of Compliance" thereby giving the Buyer written notice of the requirements of the ordinance and written confirmation of the Seller's compliance therewith THROUGH ESCROW. Furthermore, upon the close of escrow. Escrow Holder is authorized and instructed to debit seller's net proceeds unless otherwise instructed,  in the appropriate amount as described on said form. Said funds are to be made payable to the Department of Building and Safety and forwarded with the Certificate of Compliance to the City of Los Angeles-Water Conservation Department.

**GAS SHUT OFF VALVE:** The parties are aware that Section 94.1219 and 96.303 of the Los Angeles Municipal Code requires a gas shutoff valve to be installed on all real property at the close of escrow. The Buyer shall further certify that the seismic gas shutoff valve(s) have been or will be installed prior to entering into an agreement of sale, or prior to the close of escrow when an escrow agreement has been executed in connection with the sale, and that within ten days after the seismic gas shutoff valves are installed the Buyer will also advise the Department of Building and Safety in writing. The Buyer shall be further advised that failure to comply with this requirement shall subject the Buyer to the payment of a non compliance fee in addition to the other penalties provided by law.

**CITY OF LOS ANGELES REPORT OF RESIDENTIAL PROPERTY RECORDS:** Escrow Holder has been instructed by Buyer and Seller to close this escrow PRIOR to receiving the Residential Property Records and Pending Special Assessment Liens Report (form 9a). Buyer and Seller are aware that the Property is situated in the City of Los Angeles and that Section 96.300 of the Los Angeles Municipal Code "requires owner or his agent to deliver this report to the buyer prior to the close of escrow, or prior to sale or exchange of property" (INCLUDING VACANT LAND) AND THAT THIS REQUIREMENT CANNOT BE WAIVED.  Buyer and Seller further acknowledge that they are aware that said report, among other things, contains information pertinent to the property's authorized occupancy and use, legal number of units, sewer connection and permits, weed abatement, pending and/or future special assessment liens that may not appear on the preliminary title report and smoke detector, impact hazard glazing and U.L.F. (ultra-low-flush toilets) ordinances. Acknowledging the foregoing, the Escrow Officer is hereby instructed to close the Escrow.

This instruction no way relieves Seller of Seller's obligation to deliver clear title to Buyer and Seller agrees to pay any special assessments that said Report may disclose as set forth in the Purchase Agreement.

Upon receipt of said report, Escrow Holder shall immediately forward the report to the Buyer at the forwarding address as instructed by Buyer.

THEREFORE, IN CONSIDERATION OF THE ABOVE THE PARTIES, JOINTLY AND SEVERALLY, HEREBY HOLD YOU AS ESCROW HOLDER, YOUR EMPLOYEES, OFFICERS, DIRECTORS, AGENTS, REPRESENTATIVES AND THE REAL ESTATE BROKERS FREE AND HARMLESS FROM ANY AND ALL LOSSES, DAMAGES, EXPENSES OR LIABILITIES, PENALTIES, INCLUDING LOSS OF INCOME, ATTORNEY'S FEES AND COURT COSTS, WHICH EITHER OR BOTH PARTIES MAY INCUR OR SUSTAIN IN CONNECTION WITH THIS ESCROW CLOSING PRIOR TO

**SELLERS:**                                    **BUYERS:**

                                                Home Genie LLC

_____
Seth Eric Simon

                                                By: _____
                                                    Michael Tsypin, President

Date: August 26, 2019                                                                                  Escrow No.: 007391-JG

Page 4 of 6: Additional instructions made a part of previous pages as fully incorporated therein.

THE OBTAINING OF THE RESIDENTIAL PROPERTY RECORDS AND PENDING SPECIAL ASSESSMENT LIENS REPORTS.

**CANCELLATION OF ESCROW:** AS A CONDITION OF ESCROW HOLDER ACCEPTING THE ESCROW AGENCY CREATED BY THE PURCHASE AGREEMENT AND THE SUPPLEMENTAL ESCROW INSTRUCTIONS, BUYER AND SELLER ACKNOWLEDGE THEY UNDERSTAND AND CONSENT THAT REGARDLESS OF THE CONSUMMATION OF THIS TRANSACTION, ESCROW HOLDER'S MINIMUM CLERICAL FEE FOR THE PREPARATION OF THESE SUPPLEMENTAL INSTRUCTIONS AND ANY ADDITIONAL DOCUMENTS HERETO SHALL NOT BE LESS THAN $350.00. ALL PARTIES FURTHER UNDERSTAND THAT ADDITIONAL FEES MAY ALSO BE CHARGED AS A RESULT OF THE CANCELLATION OF ESCROW.

GENERAL INSTRUCTIONS AND PROVISIONS:

1. **PRIVACY NOTICE:** This notification is in compliance with our obligations to comply with federal and state law to safeguard your non-public personal information. We collect non-public personal information about you from the following sources: a) Information we receive from you on applications or other forms; b) Information about your transactions with us, our affiliates, or others involved in the processing of your transaction; and c) Information we receive from a consumer reporting agency. We do not disclose any non-public personal information about our customers or former customers to anyone, except as permitted by law. We restrict access to non-public information about you to those employees who need to know that information to provide products or services to you. We maintain physical, electronic and procedural safeguards that comply with federal and state regulations to guard your non-public personal information. By signing below, the undersigned parties acknowledge that they have read and received a copy of this notification.

2. **REASSESSMENT OF TAXES:** THE PROPERTY WILL BE REASSESSED UPON CHANGE OF OWNERSHIP. THIS WILL AFFECT THE TAXES TO BE PAID. Any supplemental tax bills shall be paid as follows: (a) for periods after close of escrow, by Buyer (or by final acquiring party, if part of an exchange), and (b) for periods prior to close of escrow, by Seller. TAX BILLS OR ESCAPED TAXES ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER.

3. **PRELIMINARY CHANGE OF OWNERSHIP:** Buyer herein will furnish escrow holder with a Preliminary Change of Ownership Report which shall be presented to the County Recorder at the time of recordation of the Deed for the subject property. Should Buyer decline to complete said Preliminary Change of Ownership Report, Buyer (or Seller if required by lender) will be assessed with the additional $20.00 surcharge by the County Recorder, which shall be charged to the Buyer's account (or to Seller's account if required by lender) in this escrow. Further, In such event, a Standard Change of Ownership Statement (Revenue and Taxation Code, Section 480) will be mailed to the Buyer by the office of the County Assessor. Failure of the Buyer to complete and return said Standard Change of Ownership mailed under authority of Section 480 within 45 days, will result in penalty of 10% of the taxes due, after processing the reassessment caused by a change in ownership or $100.00, whichever is greater, but not to exceed the sum of $5,000.00 if property is eligible for the homeowner's exemption or $20,000.00 if the property is not eligible for the homeowner's exemption if that failure to file was not willful.

4. **"GOOD FUNDS LAW":** Buyer and Seller are aware that the manner in which Buyer's chosen lender disburses the loan proceeds and the manner in which all necessary closing of escrow as a result of the "Good Funds Law" AB 512, effective January 1, 1990. Buyer and Seller hereby release Precision Escrow, Inc. of any responsibility, claim and/or liability in connection with such a delay caused by the manner in which closing funds or lender's funds are deposited.

5. **NOTARY FEES:** In accordance with the State of California notarial laws, Buyer and Seller agree to pay notary fees, if applicable, of $15.00 per signature, per document. Escrow to charge respective parties for same at the close of escrow. Escrow also to pay for the travelling and sign up fee due to Notary if applicable.

6. **MESSENGER SERVICE:** Escrow holder is hereby authorized to employ private messenger services whenever necessary to expedite the closing of this escrow and is further authorized to charge the party for whom the benefit of such service shall be derived.

7. **CANCELLATION:** Should escrow holder be notified of Buyer's disapproval of any of the contingency items, or receive a request for cancellation by either party, escrow holder may withhold and stop all further processing of this escrow, without liability for interest on funds held or for damages, until escrow holder has received written mutual cancellation instructions signed by Buyer and Seller. Release of any funds require mutual cancellation instructions, judicial decision, or arbitration award. We jointly and severally, agree that in the event of cancellation, we shall pay you a sum sufficient to pay you for any expense(s) which you have incurred pursuant to the foregoing instructions, and a reasonable cancellation fee for services rendered by you, said expenses and fees to be deposited in escrow before cancellation is effective.

8. **PAYMENT OF DEMANDS:** From Seller's funds, escrow holder is authorized to pay at the close of escrow, any encumbrances of record, plus accrued interest, charges and bonus if any, and/or pay any delinquent monthly installment(s) on existing encumbrances(s) as disclosed by Beneficiary/Demand Statement, without my subsequent approval. Seller is aware that lenders forward their demand for payment directly to the insuring title company and at close of escrow, said demands are paid by the insuring title company and NOT by Precision Escrow, Inc.. Seller agrees to seek any redress directly from lender(s) and/or insuring title company should payment to lender include additional days interest. Seller is aware some lenders require payment of loans to offices outside of the area and/or outside of the state. Insuring title company may charge messenger fees, wire fees and/or Federal Express fees and Seller agrees to pay same.

9. **SPECIAL RECORDING:** Recordation of documents normally occurs at 8:00 a.m. on the day of close of escrow. Should the parties desire a "SPECIAL" recording, which occurs in the afternoon, Buyer and Seller are aware escrow holder and insuring title company are not in a position to disburse funds and/or payoff loan(s) until the following business day.

10. Your duty to act as escrow holder shall not commence until these instructions are signed by all parties and deposited with you. Until such time, either party may unilaterally cancel and, upon written request delivered to you, a party may withdraw all funds and documents previously handed to you. Our signatures on any documents and instructions pertaining to this escrow indicate our unconditional approval of same and constitutes acknowledgement of a receipt of a copy thereof.

11. All notices, demands and instructions must be in writing. In the event conflicting demands or notices are made or served upon you or any controversy arises between the parties hereto or with any third person growing out of or relating to this escrow, you shall have the absolute right to withhold and stop all further proceedings in the performance of this escrow until you receive written notification satisfactory to you of the settlement of the controversy by agreement of the parties thereto, or by final judgment of a court of competent jurisdiction. All of the parties to this escrow hereby jointly and severally promise and agree to pay promptly on demand, as well as to indemnify you and hold you harmless from and against, all litigation and interpleader costs, damages, judgments, attorney's fees, expenses, obligations and liabilities of

**SELLERS:**                                                      **BUYERS:**

                                                                  Home Genie LLC


_____

Seth Eric Simon

                                                                  By: _____

                                                                  Michael Tsypin, President

Date: August 26, 2019                                                                                      Escrow No.: 007391-JG

Page 5 of 6:  Additional instructions made a part of previous pages as fully incorporated therein.

every kind which, in good faith, you may incur or suffer in connection with our arising out of this escrow, whether said litigation, interpleader, obligations, liabilities or expenses arise during the performance of the escrow, or subsequent thereto, directly or indirectly.

12. The principals hereto expressly agree that you, as escrow holder, have the absolute right, at your election, to file an action in interpleader in a court of competent jurisdiction requiring the principals to answer and litigate their several claims and rights among themselves and you are authorized to deposit with the clerk of the court all documents and funds held in this escrow. In the event such action is filed, the principals jointly and severally agree to pay your cancellation charges and costs, expenses and reasonable attorney's fees which is then required to expend or incur in such interpleader action, the amount thereof to be fixed and judgment to be rendered by the court. Upon the filing of such action, you shall thereupon be fully released and discharged from all obligations imposed by the terms of this escrow.

13. Each of the parties hereto agrees that as far as your rights and liabilities are involved, this transaction is an escrow and not any other legal relation and you are on escrow holder only, on the within expressed terms. In the event any Offer to Purchase, Deposit Receipt or any other form of Purchase Agreement is deposited in this escrow, it is understood that such documents shall be effective only as between the parties signing said document. You as escrow holder are not to be concerned with terms of such document and are relived of all responsibility in connection therewith. You are not to be concerned or liable for terms designated as "memoranda" in the escrow instructions nor with any other agreements or contracts between the parties. You are not required to submit any title report issued in connection with this escrow to any party, or agent unless directed to do so by written mutual instructions. You may, however, do so without incurring liability to any party for such submission. You are hereby authorized to submit such report to any proposed lender, together with copies of any other documents and/or instructions requested or required by lender

14. These instructions may be executed in counterparts, each of which shall be deemed an original regardless of the date of its execution and delivery. All such counterparts shall constitute one and the same document.

15. You shall not be responsible or liable in any manner whatsoever for the sufficiency or correctness as to form, manner of execution or validity of any document deposited in escrow, nor as to the identity, authority or rights of any person executing the same, either as documents of record or those handled in this escrow. Your duties hereunder shall be limited to the safekeeping of such money and documents received by escrow as escrow holder, and for the disposition of the same in accordance with the written instructions accepted by you in this escrow. You shall not be required to take any action in connection with the collection or maturity of any obligations deposited in this escrow, unless otherwise instructed. Escrow holder shall not be liable for any of its acts or omissions done in good faith, nor for any claims, demands, losses or damages made, claimed or suffered by any party to this escrow, excepting such as may arise through or be caused by escrow holder's willful neglect or gross misconduct.

16. You are authorized and instructed to furnish information from this escrow to lenders and/or brokers as may be requested by them, including, but not limited to, copies of all instructions and closing statements in this escrow. You are authorized to accept funds deposited to our account by our broker or agent without further authorization.

17. You are authorized and instructed to utilize the services of a sub-escrow agent, within the scopes of Section 1738.4,5 of the California Administrative Code, as a depository for funds and/or documents prior to the close of escrow, if necessary.

18. In the event that the conditions of this escrow have not been complied with at the expiration of the time provided for herein, any principal so requesting you to cancel this escrow shall file notice of demand to cancel in your office in writing. In such event, you may withhold and stop all further proceedings in this escrow without liability on your part for interest or funds held or for damages until written mutual cancellation instructions have been signed and deposited by all of the parties to this escrow. You shall, within three (3) working days of receipt of a notice to cancel, mail by certified mail one copy of such notice to each of the other principals at the addresses stated in this escrow. Unless written objection thereto is filed in your office by a principal within fifteen (15) calendar days after the date of such mailing, you are authorized to issue instructions to cancel this escrow. If written objection is filed with you, you are authorized to hold all money and documents in this escrow and take no further action until otherwise directed, either by the principals mutual written instructions, this escrow shall be considered terminated.

19. All funds received in this escrow shall be deposited with other escrow funds in a general escrow trust account or accounts of Precision Escrow, Inc., with any state or national bank and may be transferred to any other such general escrow account or accounts. All disbursements shall be made by check of Precision Escrow, Inc.. You shall not be obligated to identify or to guarantee the signatures of any payee on said checks. Any checks must be endorsed to escrow far enough in advance to clear all financial institutions and to deposit good funds into escrow prior to the closing of escrow. Out of state checks will take more than 7 days to clear. If any check submitted to escrow is dishonored upon presentment for payment, you are authorized to notify all principals and/or their respective agents of such nonpayment.

20. All documents and checks in favor of the parties shall be mailed, unregistered, to the addresses of the respective parties set forth in these instructions, unless otherwise instructed in writing. Escrow holder shall not be responsible for any delay in closing if funds received by escrow are not available for immediate withdrawal.

21. Recordation of any instruments delivered through this escrow which are necessary or proper in the issuance of the policy of title insurance called for herein is authorized, and in connection therewith, funds and/or instruments received in this escrow may be, prior to the close of escrow, delivered to, or deposited with, any bank, title company, savings and loan association, or licensed escrow agent, subject to escrow holder's order, for the purpose of complying with the terms and conditions of these escrow instructions.

22. In the event of cancellation or any other termination of this escrow prior to closing thereof, we agree to pay you for any expense you may have incurred or become obligated for pursuant to these instructions, and also to pay you a reasonable escrow fee for the services contracted by us to be rendered by you. Such expenses, if any, and your fee shall be paid and put into escrow before any cancellation or other termination is effective. We agree that said charges for expenses and fees may be apportioned between us in a manner which you, in your sole discretion, consider equitable, and that your decision in that regard will be binding and conclusive upon us unless specifically agreed to our determined by a court of competent jurisdiction. In the event of failure to pay fees or expenses due hereunder, on demand, we agree to pay reasonable fees for any attorney services which may be required to collect such fees or expenses. Upon payment of such cancellation charges, you are authorized to return documents and monies to the respective parties depositing same, or for whose benefit an unconditional deposit was made; and to void executed instruments.

23. Buyer and Seller recognize and agree that the escrow fee shall include, but is in no way limited to, reimbursement for the costs of telefax, messenger and/or express mail services, long distance telephone charges, archive fees and like items incident to the handling of this escrow.

24. You are hereby given a lien upon all the rights, title and interest of each of the parties herein in all escrowed documents, funds and other property, personal and real, and monies or property for any and all expenses, attorney's fees, losses and other liabilities in this escrow, which lien shall cover all monies owned and simple interest at ten percent (10%) per annum from date said sums become due until date of payment.

25. If Seller unilaterally assigns or orders the proceeds of the escrow to be paid to other than the original parties to this escrow, such assignment or order shall be subordinate to the expenses of this escrow, liens of record on the subject property, and payments directed to be made by Buyer and Seller together. If the result of such assignment or order would be to leave you without sufficient funds to close, then you are directed to close nevertheless and to pay them in the order in which such assignments or orders are received by you.

26. Buyer and Seller acknowledge that thy have been advised that escrow companies are not authorized to give legal or tax advice and that if they desire legal or tax advice they should consult an attorney, certified public accountant, or other financial advisor.

27. Regardless of the date of the deed from Seller herein, same shall be deemed delivered ONLY upon recordation through this escrow. The phrase "close of escrow" as used in this escrow means the date on which documents are recorded, unless otherwise specified.

28. If there is no action taken on this escrow within six (6) months after the time limit date as set forth in these escrow instructions, or written extension thereof, your agency obligation shall terminate at your option and all documents, monies or other items held by you shall be returned to the parties depositing same, less funds covering escrow costs, and to void any executed instruments.

29. Any action brought against you, based on these instructions or the transaction arising therefrom, shall be filed within one (1) year from the closing of said escrow, or shall be forever barred.

30. You shall not be concerned with giving any disclosures required by Federal or State Law, including, but not limited to, any disclosures requiring under Regulation Z pursuant to the Federal Consumer Credit Protection Act, the effect of any zoning laws, ordinances or regulations

SELLERS:                                             BUYERS:

                                                     Home Genie LLC

_____

Seth Eric Simon

                                                     By: _____
                                                         Michael Tsypin, President

Date: August 26, 2019

Escrow No.: 007391-JG

Page 6 of 6:  Additional instructions made a  part of previous pages as fully incorporated therein.

affecting any property described in this escrow.  The undersigned jointly and severally agree to indemnify and hold harmless by reason of any misrepresentation or omission by either party or their respective agents or the failure of the parties to this escrow to comply with the rules and/or regulations of any governmental agency, state, federal, county, municipal or otherwise.  The parties to this escrow have satisfied themselves outside of escrow that this transaction is not in violation of the Subdivision May Act, the Subdivided Lands Act or any other law relating to land division, and you are relieved of all responsibility and/or liability in connection with the same and you are not to be concerned with the enforcement of said laws.

31.    Your knowledge of matters affecting the property which is the subject of this escrow, provided such facts do not prevent compliance with these instructions, does not create any liability or duty in addition to the responsibility of escrow holder under theses instructions.  You shall not be obligated to make any physical examination of any real or personal property described in any document deposited into this escrow.  The parties agree you are not making and representations whatsoever regarding said property.

32.    You shall be under no obligation or liability for failure to inform the parties to this escrow regarding any sale, loan, exchange, or other transaction or facts within your knowledge concerning the herein described property, provided such knowledge does not prevent your compliance with these instructions.

33.    If this escrow involves a loan insured by FHA, or in favor of a lender, whereby a loan trust account is maintained, the impounded funds thereof will be adjusted by charging the Buyer and crediting the Seller with said impounded funds, the present balance of which is shown in the Beneficiary's statement, as having been impounded for future payments of taxes, fire insurance, and mortgage insurance premiums.  Pro-rate also as of the close of escrow, the mutual mortgage insurance premium paid in advance to FHA or other lender during the past 12 months.  Unless specifically provided for, debtor of said FHA Insurance Loan, or any other loan, waives substitution of liability, affected thereby.

34.    Unless otherwise provided, all adjustments shall be on the basis of a 30 day month.

35.    Notwithstanding anything in these instructions to the contrary, you may, at your discretion, upon ten (10) days written notice to each Buyer and Seller, resign from this escrow and you shall be entitled to reimbursement for those expenses and fees accrued and/or incurred by you up to and including the date resignation.  Upon your resignation, after deducting expenses and fees, the balance of any funds, property and/or instruments, shall be returned to the parties who shall have deposited same.

36.    Seller represents and warrants, and you shall be fully protected in assuming that, as to any insurance policy handed you, such policy is in force, has not been hypothecated, and that all necessary premiums therefore have been paid.  You will transmit for assignment, any insurance policy handed you for use in this escrow, but you shall not be responsible for verifying the acceptance of this assignment and policy by the insurance company.  ESCROW HOLDER WILL MAKE NO ATTEMPT TO VERIFY THE RECEIPT OF THE REQUEST FOR ASSIGNMENT BY THE ISSUING COMPANY.  You are hereby placed on notice that if the insurance company should fail to receive said assignment, the issuing company may deny coverage for any loss suffered by Buyer.  IT IS THE OBLIGATION OF THE BUYER OR HIS REPRESENTATIVE TO VERIFY THE ACCEPTANCE OF THE ASSIGNMENT OF THE POLICY BY THE ISSUING COMPANY.

37.    The parties to these escrow instructions authorize you to destroy these instructions and all other instructions and records in this escrow at any time after five (5) years from date of close of escrow.

38.    In the event one or more of the above General Provisions is held to be invalid in judicial proceedings, the remaining paragraphs shall continue to be operative.

39.    The foregoing instructions and "General Instructions and Provisions" attached hereto and made a part hereof are approved and accepted in their entirety.  Each of the undersigned parties hereby authorize escrow holder to furnish copies of escrow instructions and closing statements to lender and/or broker involved.

**BY SIGNATURE BELOW, THESE GENERAL INSTRUCTIONS AND PROVISIONS ARE APPROVED
AND INCORPORATED WITHIN THE TERMS OF THIS ESCROW.**

**END OF INSTRUCTIONS.**

**SELLERS:**

**BUYERS:**

Home Genie LLC

Seth Eric Simon

By: _____
       Michael Tsypin, President

# EXHIBIT "C"

A. SETTLEMENT STATEMENT (HUD-1)

OMB Approval No. 2502-0265

**ESTIMATED**

Printed: September 4, 2019  10:06am

### B. Type of Loan

| 1. []FHA  2. []RHS  3. []Conv. Unins. 4. []VA  5. []Conv. Ins. | 6. File Number 007391-JG | 7. Loan Number | Mortgage Insurance Number |
|---|---|---|---|

C. Note:  This form is furnished to give you a statement of the actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(P.O.C.)" were paid outside of the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| Home Genie LLC | Seth Eric Simon | , CA |

| G. PROPERTY LOCATION | H. Settlement Agent |
|---|---|
| 6607 Wilbur Avenue Unit 53 Reseda, CA  91335 | Precision Escrow, Inc. 20855 Ventura Blvd., Suite 16, Woodland Hills, CA 91364 Phone. (818) 264-1500 |

| Place of Settlement | I. Settlement Date |
|---|---|
| 20855 Ventura Blvd., Suite 16 Woodland Hills, CA 91364 | Close Date October 10, 2019 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract Sales Price | 230,000.00 | 401. Contract sales price | 230,000.00 |
| 102. Personal Property | | 402. Personal property | |
| 103. Settl. Chrgs. to Borrower (line 1400) | 3,598.50 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/Town taxes | | 406. City/Town taxes | |
| 107. County Taxes | | 407. County taxes | |
| 108. HOA dues at $215.00/monthly from 10/10/2019 to 11/01/2019 | 155.51 | 408. HOA dues at $215.00/monthly from 10/10/2019 to 11/01/2019 | 155.51 |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| | | | 230,155.51 |
| 120. Gross Amount Due From Borrower | 233,754.01 | 420. Gross Amount Due to Seller | |

| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
|---|---|---|---|
| 201. Deposits or Earnest Money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan | 184,000.00 | 502. Settl. chgs. to seller (line 1400) | 24,872.30 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff to Shortsale payoff lender | 171,066.81 |
| 205. | | 505. Payoff to 2nd lienholder | 30,000.00 |
| 206. | | 506. Payoff to Relocation to seller | 3,000.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/Town taxes | | 510. City/Town taxes | |
| 211. County Taxes at $2197.95/semi-annually from 07/01/2019 to 10/10/2019 | 1,216.40 | 511. County Taxes at $2197.95/semi-annually from 07/01/2019 to 10/10/2019 | 1,216.40 |
| 212. Assessments | | 512. Assessments | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 165,216.40 | 520. Total Reductions in Amount Due Seller | 230,155.51 |

| **300. CASH AT SETTLEMENT FROM/TO BORROWER** | | **600. CASH AT SETTLEMENT FROM/TO SELLER** | |
|---|---|---|---|
| 301. Gross Amounts due from Borrower (line 120) | 233,754.01 | 601. Gross amount due to Seller (line 420) | 230,155.51 |
| 302. Less amounts paid by/for Borrower (line 220) | 165,216.40 | 602. Less reductions in amount due Seller (line 520) | 230,155.51 |
| 303. Cash [ X ] From Borrower  [  ]  To Borrower | 48,537.61 | 603. Cash  [  ] To Seller [  ]  From Seller | 0.00 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data.  This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.  No confidentiality is assured; this disclosure is mandatory.  This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.
**Party Paying POC Legend – (B*) Buyer/Borrower (S*) Seller (L*) Lender (LB*) Loan Broker**                                    [B]Buyer/Borrower  [S]Seller

### L. SETTLEMENT STATEMENT

| | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|
| 700. | TOTAL REAL ESTATE BROKER FEES | | |
| | Division of commission (line 700) as follows: | | |
| 701. | New Vision Real Estate & Investments $9,200.00 | | |
| 702. | New Vision Real Estate & Investments $9,200.00 | | |
| 703. | Commission paid at settlement | | 18,400.00 |
| 704. | | | |
| 800. | ITEMS PAYABLE IN CONNECTION WITH LOAN | | |
| 801. | Our origination charge (from GFE #1) | | |
| 802. | Your credit or charge (points) for the specific interest rate chosen (from GFE #2) | | |
| 803. | Your adjusted origination charges (from GFE #A) | | |
| 804. | Appraisal fee (from GFE #3) | | |
| 805. | Credit report (from GFE #3) | | |
| 806. | Tax service (from GFE #3) | | |
| 807. | Flood certification (from GFE #3) | | |
| 808. | Condo certification (from GFE #3) | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| 900. | ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | |
| 901. | Daily interest charges from (from GFE #10) | | |
| 902. | Mortgage insurance premium for (from GFE #3) | | |
| 903. | Homeowner's insurance (from GFE #11) | | |
| 904. | | | |
| 905. | | | |
| 1000. | RESERVES DEPOSITED WITH LENDER | | |
| 1001. | Initial deposit for your escrow account (from GFE #9) | | |
| 1002. | Homeowner's insurance | | |
| 1003. | Mortgage insurance | | |
| 1004. | Property taxes | | |
| 1005. | City taxes | | |
| 1006. | Assessments | | |
| 1007. | Misc. Impound | | |
| 1008. | | | |
| 1009. | Aggregate Adjustment | | |
| 1100. | ESCROW AND TITLE CHARGES | | |
| 1101. | Title services and lender's title insurance to Provident Title Company (from GFE #4) | 2,604.00 | |
| 1102. | Settlement or closing fee to Precision Escrow, Inc. [B]$1,651.50 (to line 1101) | | 1,951.50 |
| 1103. | Owner's title insurance to Provident Title Company (from GFE #5) | | 1,500.00 |
| 1104. | Lender's title insurance (plus Endorsements) to Provident Title Company  [B]$675.00 (to line 1101) | | |
| 1105. | Lender's title policy limit $ | | |
| 1106. | Owner's title policy limit $ | | |
| 1107. | Agent's portion of the total title insurance premium to Provident Title Company $2,175.00 | | |
| 1108. | Underwriter's portion of the total title insurance premium $ | | |
| 1109. | Title - Messenger Fee to Provident Title Company | | 35.00 |
| 1110. | Title - Sub Escrow Fee to Provident Title Company | | 62.50 |
| 1111. | Title - Wire Fee to Provident Title Company | | 30.00 |
| 1112. | Title - Owner's Title Insurance to Provident Title Company  [S]$1,500.00 (to line 1103) | | |
| 1113. | Title - Lender's Title Insurance to Provident Title Company  [B]$675.00 (to line 1104) | | |
| 1114. | Title - Messenger Fee to Provident Title Company  [B]$35.00 (to line 1101) | | |
| 1115. | Additional Items, see Addendum | | |
| 1200. | GOVERNMENT RECORDING AND TRANSFER CHARGES | | |
| 1201. | Government recording charges (from GFE #7) | 159.50 | 9.50 |
| 1202. | Grant Deed $75.00  Trust Deed $150.00 (Borrower amount(s) to line 1201) | | 75.00 |
| 1203. | Transfer Tax (from GFE #8) | | |
| 1204. | City/County tax/stamps | | 1,288.00 |
| 1205. | State tax/stamps | | |
| 1206. | Additional Items, see Addendum  [S]$9.50 | | |
| 1300. | ADDITIONAL SETTLEMENT CHARGES | | |
| 1301. | Required services that you can shop for (from GFE #6) | | |
| 1302. | Transaction fee to New Vision Real Estate & Investments | 495.00 | 495.00 |
| 1303. | Natural Hazard Zone Disclosure Report to MyNHD, Inc. | | 99.95 |
| 1304. | Certificate of Compliance to Los Angeles Department of Water & Power | | 15.00 |
| 1305. | 9A City Report to Department of Building & Safety | | 70.85 |
| 1306. | Transfer Fee | | 500.00 |
| 1307. | Dues for October | | 215.00 |
| 1308. | Additional Items, see Addendum | 340.00 | 125.00 |
| 1400. | TOTAL SETTLEMENT CHARGES (ENTER ON LINES 103 SECTION J AND 502, SECTION K) | 3,598.50 | 24,872.30 |

**Party Paying POC Legend - (B*) Buyer/Borrower (S*) Seller (L*) Lender (LB*) Loan Broker**

[B]Buyer/Borrower  [S]Seller

| Comparison of Good Faith Estimate (GFE) and HUD-1 charges | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| **Charges That Cannot Increase** | HUD-1 Line number | | |
| Our origination charge | # 801 | | |
| Your credit or charge (points) for the specific interest rate chosen | # 802 | | |
| Your adjusted origination charges | # 803 | | |
| Transfer Tax | # 1203 | | |

| Charges That In Total Cannot Increase More Than 10% | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Government recording charges | # 1201 | | 159.50 |
| Grant Deed $75.00  Trust Deed $160.00 | # 1202 | | |
| Title services and lender's title insurance Provident Title Company/Precision Escrow, Inc. | # 1101 | | 2,604.00 |

| | Good Faith Estimate | HUD-1 |
|---|---|---|
| **Total** | 0.00 | 2,763.50 |
| Increase between GFE and HUD-1 Charges | $   2,763.50 | Infinity % |

| Charges That Can Change | | Good Faith Estimate | HUD-1 |
|---|---|---|---|
| Initial deposit for your escrow account | # 1001 | | |
| Daily interest charges from | # 901 | | |

**Loan Terms**

| | |
|---|---|
| Your initial loan amount is | $ 0.00 |
| Your loan term is | |
| Your initial interest rate is | 0.0000 % |
| Your initial monthly amount owed for principal, interest and any mortgage insurance is | $ 0.00 includes<br>[ ] Principal<br>[ ] Interest<br>[ ] Mortgage Insurance |
| Can your interest rate rise? | [X] No. [ ] Yes, it can rise to a maximum of 0.0000 %.  The first change will be on  and can change again every after  .  Every change date, your interest rate can increase or decrease by 0.0000%. Over the life of the loan, your interest rate is guaranteed to never be lower than 0.0000% or higher than 0.0000%. |
| Even if you make payments on time, can your loan balance rise? | [X] No. [ ] Yes, it can rise to a maximum of $ 0.00. |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | [X] No. [ ] Yes, the first increase can be on  and the monthly amount owed can rise to $ 0.00.<br>The maximum it can ever rise to is $ 0.00 |
| Does your loan have a prepayment penalty? | [X] No. [ ] Yes, your maximum prepayment penalty is $ 0.00. |
| Does your loan have a balloon payment? | [X] No [ ] Yes, you have a balloon payment of $ 0.00 due in 0 years on . |
| Total monthly amount owed including escrow account payments | [X] You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance.  You must pay these items directly yourself.<br>[ ] You have an additional monthly escrow payment of $ 0.00 that results in a total initial monthly amount owed of $ 0.00.  This includes principal, interest, any mortgage insurance and any items checked below.<br>[ ] Property taxes          [ ] Homeowner's Insurance<br>[ ] Flood Insurance        [ ]<br>[ ]                                 [ ] |

Note:  If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

| | Borrower Debit | Seller Debit |
|---|---|---|
| **Additional Items From 1100 Series** | | |
| **Escrow and Title Charges** | | |
| Title - Sub Escrow Fee to Provident Title Company  [B]$62.50 (to line 1101) | | |
| Title - Wire Fee to Provident Title Company  [B]$30.00 (to line 1101) | | |
| Title - Endorsement Fee to Provident Title Company  [B]$150.00 (to line 1101) | | |
| Title - Loan Tie-In Fee to Precision Escrow, Inc..  [B]$225.00 (to line 1102) | | |
| Title - Document Fee to Precision Escrow, Inc..  [B]$275.00 (to line 1102) | | |
| Title - Notary Signing Service Fee to Precision Escrow, Inc..  [B]$250.00 (to line 1102) | | |
| Title - Overnight Fee to Precision Escrow, Inc..  [B]$100.00 (to line 1102) | | |
| Title - Archive Fee to Precision Escrow, Inc..  [B]$49.00 (to line 1102) | | |
| Title - Wire Fee to Precision Escrow, Inc.  [B]$35.00 (to line 1102) | | |
| **Total to line 1115** | | |

| | Borrower Debit | Seller Debit |
|---|---|---|
| **Additional Items From 1200 Series** | | |
| **Government Recording and Transfer Charges** | | |
| Miscellaneous Recording Fees to Provident Title Company  [B]$9.50  [S]$9.50 (to line 1201) | | |
| Transfer Tax - County to Los Angeles County  [S]$253.00 (to line 1204) | | |
| Transfer Tax - City to City of Los Angeles  [S]$1,035.00 (to line 1204) | | |
| **Total to line 1206** | | |

| | Borrower Debit | Seller Debit |
|---|---|---|
| **Additional Items From 1300 Series** | | |
| **Additional Settlement Charges** | | |
| Dues for November | 215.00 | |
| Move In/Move Out | 125.00 | 125.00 |
| **Total to line 1308** | 340.00 | 125.00 |

| **PAYOFF BREAKDOWN(S)** | Borrower Debit | Borrower Credit | Seller Debit | Seller Credit |
|---|---|---|---|---|
| Payoff to Shortsale payoff lender $171,066.81 (to line 504) | | | | |
| payoff amount | | | 171,066.81 | |
| Payoff to 2nd lienholder $30,000.00 (to line 505) | | | | |
| payoff amount | | | 30,000.00 | |
| Payoff to Relocation to seller $3,000.00 (to line 506) | | | | |
| Principal Balance | | | 3,000.00 | |

# EXHIBIT "D"

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Seth Eric Simon** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | **1:15-bk-12942-MT** |

Check if this is:

■ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed  ☐ Not employed | ☐ Employed  ☐ Not employed |
| Occupation | | **Medical Assistant** | |
| Employer's name | | **Southern California Orthopedic Institute** | |
| Employer's address | | **6815 Noble Ave. Van Nuys, CA 91405** | |
| How long employed there? | | **6 months** | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $  **3,497.00** | $  N/A |
| 3. | Estimate and list monthly overtime pay. | 3. | +$  **0.00** | +$  N/A |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $  **3,497.00** | $  N/A |

Debtor 1    **Seth Eric Simon**                                      Case number (if known)    **1:15-bk-12942-MT**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here ............ | 4. | $    3,497.00 | $    N/A |

5. List all payroll deductions:

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $    642.00 | $    N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $    0.00 | $    N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $    0.00 | $    N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $    0.00 | $    N/A |
| 5e. | Insurance | 5e. | $    63.00 | $    N/A |
| 5f. | Domestic support obligations | 5f. | $    0.00 | $    N/A |
| 5g. | Union dues | 5g. | $    0.00 | $    N/A |
| 5h. | Other deductions. Specify: _____ | 5h.+ | $    0.00 + | $    N/A |

6. Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $    705.00    $    N/A

7. Calculate total monthly take-home pay. Subtract line 6 from line 4.    7.    $    2,792.00    $    N/A

8. List all other income regularly received:

8a. Net income from rental property and from operating a business, profession, or farm
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.    $    0.00    $    N/A

8b. Interest and dividends    8b.    $    0.00    $    N/A

8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.    $    0.00    $    N/A

8d. Unemployment compensation    8d.    $    0.00    $    N/A

8e. Social Security    8e.    $    0.00    $    N/A

8f. Other government assistance that you regularly receive
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____    8f.    $    0.00    $    N/A

8g. Pension or retirement income    8g.    $    0.00    $    N/A

8h. Other monthly income. Specify: _____    8h.+    $    0.00 +    $    N/A

9. Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $    0.00    $    N/A

10. Calculate monthly income. Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.    10.    $    2,792.00    +    $    N/A    =    $    2,792.00

11. State all other regular contributions to the expenses that you list in *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____    11.    +$    0.00

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies    12.    $    2,792.00

**Combined monthly income**

13. Do you expect an increase or decrease within the year after you file this form?

☑ No.

☐ Yes. Explain: _____

Fill in this information to identify your case:

Debtor 1          **Seth Eric Simon**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number    **1:15-bk-12942-MT**
(If known)

Check if this is:

■ An amended filing

☐ A supplement showing postpetition chapter
  13 expenses as of the following date:

  _____
  MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.    Is this a joint case?

      ■ No. Go to line 2.
      ☐ Yes. Does Debtor 2 live in a separate household?

            ☐ No
            ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.    Do you have dependents?    ■ No

      Do not list Debtor 1 and    ☐ Yes.  Fill out this information for
      Debtor 2.                            each dependent..............

      Do not state the
      dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | | | ☐ No / ☐ Yes |
| | _____ | _____ | ☐ No / ☐ Yes |
| | _____ | _____ | ☐ No / ☐ Yes |
| | _____ | _____ | ☐ No / ☐ Yes |

3.    Do you expenses include    ■ No
      expenses of people other than  ☐ Yes
      yourself and your dependents?

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | | Your expenses |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ 975.00 |
|  | If not included in line 4: | |
| 4a. | Real estate taxes | 4a. $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 36.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 75.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 200.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ 60.00 |

Official Form 106J                    Schedule J: Your Expenses                    page 1

Debtor 1    __Seth Eric Simon__                                  Case number (if known)   __1:15-bk-12942-MT__

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 100.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 60.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 350.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 45.00 |
| 10. | **Personal care products and services** | | 10. $ | 33.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 25.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 300.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 82.00 |
| | 15c. | Vehicle insurance | 15c. $ | 90.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | | 21. +$ | 0.00 |

| | | |
|---|---|---|
| 22. | **Calculate your monthly expenses** | |
| | 22a. Add lines 4 through 21. | $ 2,431.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ 2,431.00 |

| | | | |
|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 2,792.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 2,431.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | 361.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.    | Explain here: |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**5900 Sepulveda Blvd.
Ste. 270
Sherman Oaks, CA 91411**

A true and correct copy of the foregoing document entitled (*specify*):   **DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY UNDER LBR 3015-1 (p)**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _10/3/2019_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michelle R Ghidotti    bknotifications@ghidottiberger.com, gbadmin@ecf.courtdrive.com
Carlos R Hernandez-Vivoni    Carlos.Hernandez-Vivoni@bonialpc.com
Merdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@ecf.inforuptcy.com
Andrew Kussmaul    Andrew.Kussmaul@Bonialpc.com
Baylen Laury    baylen.laury@nationstarmail.com
John Rafferty    john.rafferty@bonialpc.com
Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
Mai Thor    mthor@ecmc.org
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Bethany Wojtanowicz    bethanyw@w-legal.com, BNC@w-legal.com
Kristin A Zilberstein    bknotifications@ghidottiberger.com;gbadmin@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On (*date*) _10/3/2019_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/3/2019 | Ruth Barcenas | /s/ Ruth Barcenas |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                    **F 3015-1.16.MOTION.SELL.RP.**

Label Matrix for local noticing
0973-1
Case 1:15-bk-12942-MT
Central District of California
San Fernando Valley
Thu Oct  3 09:19:43 PDT 2019

Case 1:15-bk-12942-MT    Doc 95  Filed 10/03/19    Entered 10/03/19 10:13:27    Page 24 of 25
Main Document    Page 24 of 25

c/o McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101-2607

c/o McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101-2607

SPECIALIZED LOAN SERVICING LLC
14841 Dallas Parkway, Suite 300
Dallas, TX 75254-7883

SPECIALIZED LOAN SERVICING LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, CO 80129-2386

SYNCHRONY BANK
c/o Weinstein & Riley, P.S.
2001 Western Ave, Ste 400
Seattle, WA 98121-3132

THE BANK OF NEW YORK MELLON
14841 Dallas Parkway, Suite 300
Dallas, TX 75254-7883

THE BANK OF NEW YORK MELLON FKA THE BANK OF
14841 Dallas Parkway, Suite 425
Dallas, TX 75254-8067

US Department of Education
P O Box 16448
Saint Paul, MN 55116-0448

United States Trustee (SV)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

San Fernando Valley Division
21041 Burbank Blvd,
Woodland Hills, CA 91367-6606

Chase Card
Po Box 15298
Wilmington, DE 19850-5298

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

Comenity Capital Bank/Paypal Credit
C O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

Credit Coll
Po Box 9133
Needham, MA 02494-9133

Discover Fin Svcs Llc
Po Box 15316
Wilmington, DE 19850-5316

EMPLOYMENT DEVELOPMENT DEPARTMENT
BOCS MIC 91
PO BOX 826218
SACRAMENTO CA 94230-6218

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA  19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Nationstar Mortgage LLC
Attn: Bankruptcy
350 Highland Dr
Lewisville, TX 75067-4488

(p)NATIONSTAR MORTGAGE LLC
PO BOX 619096
DALLAS TX 75261-9096

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Rbs Citizens Na
4325 17th Ave S
Fargo, ND 58125-6200

SLS
8742 Lucent Blvd., Suite 300
Littleton, CO 80129-2386

Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129-2386

The Bank of New York Mellon Trustee(See 410)
c/o Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129-2386

U S Dept Of Ed/Gsl/Atl
Po Box 4222
Iowa City, IA 52244

U.S. Bank Trust National Association, as Tru
of the Lodge Series III Trust
c/o BSI Financial Services
1425 Greenway Drive, Ste 400
Irving, TX 75038-2480

U.S. Department of Education
PO Box 16448
St. Paul, MN  55116-0448

Elena Steers
 LAW OFFICES OF STEERS & ASSC.
5900 Sepulveda Blvd.
Ste. 270
Sherman Oaks, CA 91411-2511

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Citibank Sd, Na                    IRS Department of Treasury      Nationstar Mortgage LLC
Attn: Centralized Bankruptcy       Internal Revenue Service        c/o Nationstar Mortgage LLC
Po Box 20363                       Ogden, UT 84201                 PO Box 619096
Kansas City, MO 64195                                              Dallas, TX 75261-9741

Portfolio Recovery Associates, LLC
c/o Ralphs
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)U.S. BANK TRUST NATIONAL ASSOCIATION, AS T    (u)US Bank Trust NA                (d)SYNCHRONY BANK
                                                                                    c/o Weinstein & Riley, P.S.
                                                                                    2001 Western Ave, Ste 400
                                                                                    Seattle, WA 98121-3132

End of Label Matrix
Mailable recipients    31
Bypassed recipients     3
Total                  34